UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIVICSMART, INC., et al.,<br><br>Defendants. | Case No.:  3:17-CV-0632-CAB-(MDD)<br><br>**ORDER FOR ARGUMENT ON MOTION TO DISMISS** |

On May 26, 2017, Plaintiff IPS Group, Inc., filed a First Amended Complaint against Defendants CivicSmart, Inc., Duncan Parking Technologies, Inc., and Duncan Solutions, Inc. (collectively "Defendants").  [Doc. No. 23.]  Defendants moved to dismiss asserting improper venue, claim splitting, failure to state a claim and lack of subject matter jurisdiction.  [Doc. No. 41.]  The motion has been fully briefed.  [Doc. No. 57 and 58.] Having reviewed the submissions, the Court finds that oral argument would be helpful.  A hearing on this motion will therefore be held on **Monday, August 7, 2017 at 11:00 a.m. in Courtroom 4C.**

At the hearing the parties should be prepared to address the following issues.

1.   Venue for the Patent Infringement Claims

With regard to the patent infringement claims, Plaintiff alleges in the amended complaint that venue is proper in this district as to Defendants CivicSmart and Duncan Parking, under 28 U.S.C. § 1400(b), because they both have committed acts of infringement in this district and maintained a regular and established place of business in

this district.  Defendants challenge that allegation.  The Court finds that under the circumstances of this litigation, Defendants did not waive their right to contest venue by not raising it in their motion to dismiss the initial complaint.  The Supreme Court's decision in *TC Heartland* intervened, and as a result Plaintiff found it necessary to revise its venue allegation in the amended complaint.  This is therefore Defendants' first opportunity to contest Plaintiff's venue assertion on the challenged allegation.

Defendants CivicSmart and Duncan Parking argue that Plaintiff's conclusory allegation that they have committed acts of infringement in this district is insufficient to demonstrate that venue is proper.  They contend that neither CivicSmart nor Duncan Parking has made, sold, offered for sale or used the accused device in this district.  [Doc. No. 41-1, at 11.][1]  Plaintiff responds that an allegation of infringement is itself sufficient to establish venue so Defendants' venue challenge must fail.  [Doc. No. 57, at 12, 18.]  The law on this issue is far from clear.  *E.g., compare* 17 Moore's Federal Practice—Civil § 110.01 (defendant has the burden of establishing that venue is improper) *with* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3826 (4th Ed. 2017) (when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.)

Whichever party bears the burden, at this juncture neither party has provided the Court with a factual basis for its position.  Plaintiff's allegation on information and belief, that "Duncan Parking and CivicSmart have made, used, sold, offered for sale, or imported into California (and this District) the products that are the subject of IPS Group's claims" is a conclusory allegation devoid of factual support.  Defendants' blanket denial is also argument without factual support.  If the Court granted leave to amend, what evidence would support Plaintiff's allegation of acts of infringement in this District?  What evidence would Defendants offer to contest that assertion?

---

[1] Pinpoint page citations to documents in the record are to the ECF page number at the top of the page.

### 2.   Claim Splitting

Plaintiff alleges that CivicSmart directly and indirectly infringes U.S. Patent No. 8,595,054 (First Cause of Action) and U.S. Patent No. 7,854,310 (Second Cause of Action) as a result of its marketing and sales of the accused Liberty Meters.  The Court understands these accused devices to be the same devices and patents at issue in *IPS v. Duncan Solutions*, Case No. 3-15-cv-1526.   Therefore, is it correct that the allegations of infringement by CivicSmart raised in the present case are independent of the acts of Duncan Solutions and Duncan Parking in the 2015 case?  If yes, again what is the evidence CivicSmart independently committed acts of infringement of these patents in this District? If not, what is the purpose of asserting infringement against CivicSmart for the same products at issue in the 2015 case?

### 3.   The Lanham Act Claim

Plaintiff alleges that CivicSmart and Duncan Parking violated the Lanham Act by falsely relating to unidentified city employees in Milwaukee, Wisconsin, in response to a request for proposal, that IPS acknowledged that the Liberty Meter without a solar panel would not infringe any IPS Group patents.  Plaintiff contends this is a material false statement made as part of a commercial transaction intended to deceive its audience and that it injured IPS by diverting the Milwaukee contract from IPS.  Assuming these factual allegations to be true, Plaintiff has not however demonstrated how Defendants caused this false statement made to a city employee in a bidding process to enter interstate commerce. There are no facts supporting this necessary element in the complaint.  What facts can Plaintiff proffer to demonstrate that each of the Defendants caused the alleged false statement to enter interstate commerce?

The general and unsupported allegations that Defendants have made this false claim to other consumers at other times and in this District, are not sufficient.

### 4.   California State Law Violations under B&P Code §§ 17200 and 17500

The complaint offers only speculative assertions without any factual information that Defendants made, or will make, false and misleading statements to California municipal

employee to induce the purchase of Liberty Meters instead of IPS Group's meters.   If granted leave to amend, what facts can Plaintiff proffer to support these causes of action?

   It is **SO ORDERED**.

Dated:  August 1, 2017

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:17-CV-0632-CAB-(MDD)