UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>CIVICSMART, INC., DUNCAN PARKING TECHNOLOGIES, INC., and DUNCAN SOLUTIONS, INC.,<br><br>                              Defendants. | Case No.: 17-cv-0632-CAB (MDD)<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR INJUNCTION**<br>**[Doc. Nos. 24, 41]** |

## I.     Defendants' Motion to Dismiss

On May 26, 2017, Plaintiff IPS Group, Inc., filed a First Amended Complaint against Defendants CivicSmart, Inc., Duncan Parking Technologies, Inc., and Duncan Solutions, Inc. [Doc. No. 23.] The Defendants moved to dismiss asserting improper venue, claim splitting, failure to state a claim and lack of subject matter jurisdiction. [Doc. No. 41.] The motion was fully briefed. [Doc. No. 57 and 58.] The Court held argument on August 7, 2017. As set forth below and discussed on the record at argument the motion is GRANTED in Part and DENIED in Part.[1]

---

[1] If this order differs in any way from the Court's determinations at the oral hearing, this written order controls.

## A. Improper Venue for the Patent Infringement Claims

Plaintiff's Amended Complaint, Third through Sixth Causes of Action, alleges that all Defendants infringe U.S. Patent Nos. 8,513,832; 8,749,403; 9,391,474; and 9,424,691. Defendants CivicSmart and Duncan Parking contend that venue is not properly exercised in this district over them for allegations of patent infringement, under 28 U.S.C. §1400(b). Neither Defendant is a resident of the state of California. Both are incorporated in Delaware. *TC Heartland LLC v. Kraft Food Grp. Brand LLC*, 137 S. Ct. 1514, 1521 (2017).

This was not disputed, however, Plaintiff alternatively alleged that venue is proper in this district as to Defendants CivicSmart and Duncan Parking, under 28 U.S.C. § 1400(b), because they both have committed acts of infringement and maintained a regular and established place of business in this district. The Defendants' motion challenged only IPS Group's allegation that they have committed acts of infringement in this district.

Defendants CivicSmart and Duncan Parking argued that Plaintiff's conclusory allegation that they have committed acts of infringement in this district is insufficient to demonstrate that venue is proper. They contended that neither CivicSmart nor Duncan Parking made, sold, offered for sale or used the accused device in this district. [Doc. No. 41-1, at 11.][2] Plaintiff responded that an allegation of infringement is itself sufficient to establish venue so Defendants' venue challenge must fail. [Doc. No. 57, at 12, 18.] The law on this issue is far from clear. *E.g., compare* 17 Moore's Federal Practice—Civil § 110.01 (defendant has the burden of establishing that venue is improper) *with* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3826 (4th Ed. 2017) (when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.).

---

[2] Pinpoint page citations to documents in the record are to the page numbers assigned by ECF at the top of the page.

2

Regardless of which party has the burden on the issue of venue, at the hearing Plaintiff presented the factual support for its allegation that, on information and belief, "Duncan Parking and CivicSmart have made, used, sold, offered for sale, or imported into California (and this District) the products that are the subject of IPS Group's claims."[3] Defendants may of course dispute that the evidence presented constitutes infringement of the asserted patents. For purposes of the challenge to venue, however, the Court found that Plaintiff provided sufficient factual support for its contention that venue is proper in this District.[4] Therefore the motion to dismiss the Third through Sixth Causes of Action against Duncan Parking and CivicSmart for improper venue is **DENIED**.

### B. Claim Splitting

The Amended Complaint also alleges that CivicSmart infringes U.S. Patent No. 8,595,054 (First Cause of Action) and U.S. Patent No. 7,854,310 (Second Cause of Action) as a result of its marketing and sales of the accused Liberty Meters. These patents and the devices accused of infringement are the same patents and devices at issue in *IPS v. Duncan Solutions*, Case No. 3-15-cv-1526 ("2015 Case"), pending before this court. CivicSmart moved to dismiss based on the doctrine against claim splitting, contending that the complaint alleges that CivicSmart as the parent corporation is responsible for the alleged infringements of Duncan Parking that are already at issue in the 2015 case.

In the interest of judicial economy and to avoid issues of claim splitting, the Court gave Plaintiff leave to amend the complaint in the 2015 Case to join CivicSmart as a party to that litigation asserting claims of infringement of the '054 and '310 patents. The amended complaint was filed. [Doc. No. 242 in 15cv1526.] The First and Second Causes

---

[3] Plaintiff represented it was not more specific in the amended complaint because the evidence of the alleged infringing acts was provided to it in discovery in a related case under a protective order.

[4] At the hearing Defendants requested the opportunity to submit a challenge to the second prong of the venue provision that requires they maintain a regular and established place of business in the district. The Court denied the request as untimely. Defendants were fully aware of both prongs of the venue requirement and by failing to address the second prong in their motion, waived any challenge to venue based on the requirement they maintain a regular and established place of business in this judicial district.

of Action against CivicSmart alleging infringement of the '054 and '310 patents are therefore dismissed from this case and the motion to dismiss based on claim splitting is deemed **MOOT**.

### C. The Lanham Act Claim

The Ninth Cause of Action is for violation of the Lanham Act §43, 15 U.S.C. § 1125. Plaintiff alleges that CivicSmart and Duncan Parking violated the Lanham Act by falsely representing to unidentified city employees in Milwaukee, Wisconsin, in response to a request for proposal, that IPS admitted that a Liberty Meter with the solar panel removed would not infringe any IPS Group patents. [Doc. No. 23, at ¶¶ 35-36, 138.] Defendants move under Rule 12(b)(6) to dismiss for failure to state a claim.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Defendants contend that this allegation of the Amended Complaint for a violation of Section 43(a) of the Lanham Act fails because it does not involve a "commercial advertisement or promotion" that entered "interstate commerce." The amended complaint only alleges that a misrepresentation was made by Milwaukee-based companies to Milwaukee municipal employees as part of a request for proposal.

IPS Group contends that the alleged misrepresentation was commercial speech made by a competitor for the purpose of influencing a consumer to buy the Defendants' goods and therefore qualifies as a Lanham Act violation under 15 U.S.C. § 1125(a)(1)(B). *Coastal Abstract Serv. v. First Am. Title,* 173 F.3d 725, 735 (9th Cir. 1999). The allegations of the complaint, however, fail to meet the fourth element of the Ninth Circuit's analysis in *Coastal Abstract*, that the misrepresentation be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Id.* at 735. The relevant market for parking meters is not so limited, that the single alleged representation made in the course of a confidential response to a request for proposal to

unidentified city employees of Milwaukee is sufficient to qualify as advertising or promotion within the relevant industry.[5]

Plaintiff's allegations that the Defendants have made this false claim to other consumers without any specifics [Doc. No. 23 at ¶ 40] is insufficient to support the dissemination requirement. Therefore the motion to dismiss the Ninth Cause of Action for a Lanham Act violation for failure to state a claim is **GRANTED**.

**D. California State Law Violations under B&P Code §§ 17200 and 17500**

Plaintiff asserts claims under California law for (1) violation of the California False Advertising Law ("FAL") (Seventh Cause of Action) and (2) violation of the California Unfair Competition Law ("UCL") (Eighth Cause of Action). The UCL prescribes business practices that are 'unlawful, unfair or fraudulent," Cal. Bus. & Prof. Code § 17200 and the FAL prohibits the dissemination of any advertising "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985-86 (S.D. Cal. 2014). Both claims are premised on the same alleged false statement -- IPS admitted that a Liberty Meter with the solar panel removed would not infringe any IPS Group patents. Plaintiff fails however to identify with any specificity who made this statement, when, where and to whom. [Doc. No. 23 at ¶¶ 40, 124, 134.] Again Defendants move under Rule 12(b)(6) to dismiss for failure to state a claim.

The allegations are grounded in fraud and must be pled with particularity pursuant to the heightened pleading standards in Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the …UCL."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d at 966-67 (Rule 9(b)'s heightened pleading

---

[5] Plaintiff argued that the alleged misrepresentation affected interstate commerce as it interfered with the opportunity for Plaintiff, a California company, to sell product in Wisconsin, which the Court initially found persuasive. However, this argument while adopted in other circuits, does not satisfy the dissemination requirement of *Coastal Abstract,* the applicable Ninth Circuit standard for a Lanham Act claim.

standards apply to claims for violation of the UCL and FAL that are grounded in fraud.); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) ("[W]here a plaintiff alleges fraud as the basis for a violation of [the FAL], the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to the fraud allegations.").

Plaintiff's claims are subject to the heightened pleading standard under Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the *who, what, when, where, and how* of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (emphasis added; internal quotation marks omitted). Plaintiff's allegations supporting its UCL and FAL claims do not meet the heightened pleading standard of Rule 9(b). The amended complaint fails to identify the who, where, when and how the alleged misrepresentation was made to a consumer in California. Therefore the motion to dismiss the Seventh and Eighth Causes of Action for California FAL and UCL violations for failure to state a claim is **GRANTED**.[6]

## II. Plaintiff's Motion for Preliminary Injunction

Plaintiff moved for a preliminary injunction to enjoin Defendants from engaging in unfair business practices and false advertising in violation of California's False Advertising Law, California's Unfair Competition Law and the Lanham Act. [Doc. No. 24-1, at 2-3.]

"A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 9, 24 (2008). Injunctive relief may only be granted upon a showing of "irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Stanley v. Univ. of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994). For party to prevail on a motion for

---

[6] In light the finding that Plaintiff has failed to state a claim as to Causes of Action Seven through Nine, the Court declines, without prejudice, to reach Defendants' venue challenge to these claims.

preliminary injunction, therefore, it must demonstrate that: "(1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in its favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20).

Having dismissed the Plaintiff's claims for violations of the Lanham Act and California state law FAL and UCL claims, the Court finds that Plaintiff has failed to establish a likelihood of success on the merits. Accordingly, the motion for a preliminary injunction is **DENIED**. *See generally Global Horizons, Inc. v. U.S. Dep't. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. No. 41],

1. Causes of Action One and Two is deemed **moot** in light of the amendment of the 2015 Case to adding CivicSmart as a Defendant;
2. Causes of Action Three, Four, Five and Six for improper venue is **denied**; and
3. Causes of Action Seven, Eight and Nine for failure to state a claim is **granted**.

It is further ordered that Plaintiff's Motion for a Preliminary Injunction [Doc. No. 24] is **denied**.

It is **SO ORDERED**.

Dated: October 25, 2017

Hon. Cathy Ann Bencivengo
United States District Judge